IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO: 24- |
| --- | --- | --- |
| v. | : | DATE FILED: |
| NICHOLAS CARINE | : | **VIOLATION:**<br>18 U.S.C. § 1956(h) (conspiracy to money launder – 1 count)<br>**Notice of forfeiture** |
| | : | |
| | : | |

# INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

### BACKGROUND

At all times material to this information:

1. Defendant NICHOLAS CARINE resided in the Eastern District of Pennsylvania.

2. NIAC Holdings LLC was a business registered in the Commonwealth of Pennsylvania by defendant NICHOLAS CARINE.

3. Shelly Company LLC was a business incorporated in the State of New Jersey on or about January 12, 2021. Shelly Company LLC was incorporated using defendant NICHOLAS CARINE's email address and phone number. Shelly Company LLC was opened to launder funds at Person 1's direction. Shelly Company LLC was never an operating business and had no employees.

4. Governmental Entities 1 and 2 were local governmental entities with which defendant NICHOLAS CARINE had no affiliation, and which did neither business nor investing

with NIAC Holdings LLC or Shelly Company LLC. Governmental Entity 1 was located in California. Governmental Entity 2 was located in Ohio.

5. Victim 1 was a real person who resided in Florida. Victim 1 had no affiliation with and did no business or investing with defendant NICHOLAS CARINE or NIAC Holdings LLC.

6. PNC Bank was a financial institution headquartered in Pennsylvania and insured by the Federal Deposit Insurance Corporation ("FDIC") with certificate number 32271.

7. Citizens Bank was a financial institution headquartered in Rhode Island and insured by the FDIC with certificate number 57957.

8. TD Bank was a financial institution headquartered in New Jersey and insured by the FDIC with certificate number 33947.

9. Bank of America was a financial institution headquartered in North Carolina and insured by the FDIC with certificate number 3510.

10. A business email compromise ("BEC") scheme was a form of cyber-enabled financial fraud. In a typical BEC scheme, a malicious actor compromises legitimate business email accounts through computer intrusion techniques or social engineering and uses the accounts to cause the unauthorized transfer of funds. Techniques for perpetrating these schemes include identity theft, spoofing of emails and websites, and the use of malware. Spoofing involves sending an email from an account that closely resembles but is slightly different from the email addresses of the legitimate parties to the transaction.

11. In one type of BEC scheme utilized by defendant NICHOLAS CARINE and his co-conspirators, victim-individuals involved in real estate transactions received fraudulent emails purporting to be from legitimate parties to the transactions. The emails instructed the victim-

individuals to wire funds they believed to be related to the real estate transactions to specified bank accounts. The specified bank accounts were controlled by the conspirators.

12. In another type of BEC scheme utilized by the conspirators, employees of victim-entities received spoofed emails purporting to be from legitimate vendors or other business partners of the entities directing them to transfer funds to specified bank accounts or to issue checks and send them to specified addresses. The employees were defrauded through email spoofing and received fraudulent emails from accounts that closely resembled, but were slightly different from, the email addresses of the legitimate vendors and business partners.

## THE SCHEME

13. From on or about September 25, 2020, to on or about June 30, 2021, in the Eastern District of Pennsylvania, defendant

## NICHOLAS CARINE

conspired and agreed with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to conduct and attempt to conduct financial transactions affecting interstate commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

It was part of the conspiracy that:

14. Defendant NICHOLAS CARINE and others known and unknown to the United States Attorney agreed to open, and did in fact open, several business bank accounts. These bank accounts were opened in order to receive large sums of fraudulently obtained proceeds from BECs, both directly from victims as well as indirectly from other conspirators, and conducted transactions such as writing checks and wiring funds. For his participation in the scheme, defendant CARINE was permitted to keep some of the fraudulently obtained proceeds.

15. Defendant NICHOLAS CARINE and others known and unknown to the United States Attorney used the bank accounts to launder fraud proceeds, conceal the true ownership and control of the proceeds, and perform multiple financial transactions that would disguise the source of the funds.

16. As a result of their actions, individuals known and unknown to the United States Attorney caused the proceeds of the BECs to be deposited into defendant NICHOLAS CARINE's business bank accounts opened in the name of NIAC Holdings LLC and Shelly Company LLC. After the proceeds of the BECs were deposited into defendant CARINE's business bank accounts, defendant CARINE, and other individuals known and unknown to the United States Attorney, worked together to move the money from one business account to another, from a business account to defendant CARINE's personal bank accounts, and from one business bank account to other individuals and businesses whose principals were participating in the money laundering conspiracy.

17. Defendant NICHOLAS CARINE also received BEC proceeds from bank accounts controlled by other conspirators who were participating in the money laundering conspiracy.

18. In carrying out the conspiracy, defendant NICHOLAS CARINE and others known and unknown to the United States Attorney laundered and attempted to launder at least $1,916,422.27.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objective, defendant NICHOLAS CARINE and others known and unknown to the United States Attorney committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

On or about September 25, 2020:

1. Defendant NICHOLAS CARINE opened a business bank account ending in 8624 in the name of NIAC Holdings LLC at PNC Bank in Philadelphia, Pennsylvania.

2. Defendant NICHOLAS CARINE opened a business bank account ending in 4630 in the name of NIAC Holdings LLC at Citizens Bank in Philadelphia, Pennsylvania.

3. On or about November 16, 2020, defendant NICHOLAS CARINE opened a business bank account ending in 5363 in the name of NIAC Holdings LLC at Bank of America.

4. On or about January 13, 2021, defendant NICHOLAS CARINE opened a business bank account ending in 9220 in the name of Shelly Company LLC at Citizens Bank.

5. On or about January 14, 2021, defendant NICHOLAS CARINE opened a business bank account ending in 0462 in the name of Shelly Company LLC at PNC Bank.

Governmental Entity 1 BEC Scheme and Laundering of Fraudulent Proceeds

6. Starting on or about October 26, 2020, the conspirators caused Governmental Entity 1 to receive a series of spoofed emails purporting to be from one of Governmental Entity 1's contractors. The emails directed Governmental Entity 1 to update the payment information for Governmental Entity 1's contractor to the PNC Bank Account business

account for NIAC Holdings ending in 8624, which defendant NICHOLAS CARINE had opened several weeks earlier. However, the emails were not from Governmental Entity 1's contractor. Instead, the conspirators caused them to be sent using an email account that closely resembled, but was slightly different from, the legitimate email account of Governmental Entity 1's contractor.

7. On or about December 4, 2020, the conspirators caused Governmental Entity 1 to wire approximately $12,407.61 to NIAC Holdings PNC Bank Account ending in 8624.

On or about December 31, 2020:

8. Defendant NICHOLAS CARINE withdrew approximately $9,500 from NIAC Holdings PNC Bank Account ending in 8624 at a PNC ATM in Voorhees, New Jersey.

9. Defendant NICHOLAS CARINE deposited approximately $9,400 into TD Bank Account ending in 0217 at TD Bank's Walnut Street location in Philadelphia, Pennsylvania.

Governmental Entity 2 BEC Scheme and Laundering of Fraudulent Proceeds

10. Starting on or about June 10, 2020, the conspirators caused Governmental Entity 2 to receive a series of spoofed emails purporting to be from one of Governmental Entity 2's contractors. The emails directed Governmental Entity 2 to update the payment information for Governmental Entity 2's contractor. However, the emails were not from Governmental Entity 2's contractor. Instead, the conspirators caused them to be sent using an email account that closely resembled, but was slightly different from, the legitimate email account of Governmental Entity 2's contractor.

11. On or about January 11, 2021, after several attempts by the conspirators to cause Governmental Entity 2 to wire funds owed to Governmental Entity 2's contractor to the bank accounts directed by the conspirators, the conspirators caused Governmental Entity 2 to send

checks for payment owed to Governmental Entity 2's contractor to an address in Philadelphia, Pennsylvania associated with the conspirators.

12. On or about January 13, 2021, defendant NICHOLAS CARINE caused to be deposited check 335216 for approximately $1,270,748.42 from Governmental Entity 2 into the Shelly Company Citizens Bank Account ending in 9220 at the Rittenhouse Branch located at 1700 Walnut Street, in Philadelphia, Pennsylvania. Defendant CARINE had opened this Citizens Bank account the same day.

13. On or about January 14, 2021, defendant NICHOLAS CARINE deposited check 335217 for approximately $47,805.24 from Governmental Entity 2 into the Shelly Company PNC Bank Account ending in 0462. Defendant CARINE had opened this PNC Bank account the same day.

14. On or about January 21, 2021, defendant NICHOLAS CARINE withdrew approximately $5,000 from Shelly Company PNC Bank Account ending in 0462.

<u>Victim 1 and the Real Estate BEC Scheme and Laundering of Fraudulent Proceeds</u>

On or about November 18, 2020:

15. The conspirators caused Victim 1 to wire approximately $585,461.20 to NIAC Holdings LLC Bank Account ending in 4630. When Victim 1 did so, Victim 1 was in the process of closing on a real estate transaction. Victim 1 received a fraudulent email directing her to wire closing funds to an account she believed to belong to her title company but in fact belonged to NIAC Holdings LLC.

16. Defendant NICHOLAS CARINE wrote check No. 99 for approximately $198,450 from NIAC Citizens Bank Account ending in 4630 payable to NIAC Holdings LLC for

"Services" and attempted to deposit this check into his NIAC Holdings LLC PNC Account ending in 8624.

17. Defendant NICHOLAS CARINE wrote check No. 100 for approximately $189,780 from NIAC Citizens Bank Account ending in 4630 payable to NIAC Holdings LLC for "Services." That same day, defendant CARINE attempted to deposit this check into the NIAC Holdings LLC Bank of America Account ending in 5363.

18. On or about November 19, 2020, defendant NICHOLAS CARINE and his conspirators caused Check No. 111 for approximately $195,870 to be issued from NIAC Citizens Bank Account ending in 4630 to a co-conspirator for "services."

All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

  1. As a result of the violation of Title 18, United States Code, Section 1956, set forth in this information, defendant

## NICHOLAS CARINE

shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property, including, but not limited to, the sum of $115,494.

  2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

  All pursuant to Title 18, United States Code, Section 982.

*[signature]*
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

NICHOLAS CARINE

INFORMATION

**Counts**

18 U.S.C. § 1956(h) (conspiracy to money launder – 1 count)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Foreperson

Bail, $ _____